OPINION — AG — (1) ONLY THE VETERAN OR ONE OF THOSE PERSONS IN THE ENUMERATED CATEGORIES IS ENTITLED TO THE BENEFITS OF THE PREFERENCE. THE PURPOSE AND JUSTIFICATION OF SIMILAR STATUTES IN OTHER STATES SEEMS TO BE FOUNDED UPON THE IDEA THAT A VETERAN'S PREFERENCE IS IN THE NATURE OF A DEBT OF GRATITUDE BY THE PEOPLE OF THE STATE TO PERSON WHO LOYALLY SERVE THEIR COUNTY IN TIME OF NEED. BATEMAN V. MARSH, 72 H.E. 2ND 20. IN THOSE STATE THAT EXTEND THE PREFERENCE TO WIVES, UNMARRIED WIDOWS, ETC., THE RIGHTS OF SUCH PERSONS ARE LOOKED UPON AS BEING DERIVATIVE IN NATURE, BASED ON PARTICULAR RELATIONSHIP TO THE VETERAN. IT IS NOT GRANTED AS A MERE GESTURE. AS FURTHER PROOF THAT THE PREFERENCE IS INTENDED FOR ONE INDIVIDUAL, SOME STATUTES REQUIRE THAT THE VETERAN WAIVE HIS OWN RIGHT TO THE PREFERENCE BEFORE ANOTHER IS ENTITLED TO CLAIM TO THE SAME. (2) SECTION 723 RULES AND REGULATIONS OF THE STATE PERSONNEL BOARD DEALING WITH THE MERIT SYSTEM IS STILL APPLICABLE. WE ARE OF THE FURTHER OPINION THAT THE OBLIGATION WHICH GIVES RISE TO THE ENACTMENT OF A VETERAN'S PREFERENCE STATUTE IS FULLY MET WHEN SAID VETERAN, OR SOMEONE OCCUPYING ONE OF THE ENUMERATED RELATIONSHIPS, IS GIVEN A PREFERRED POSITION OF CONSIDERATION FOR APPOINTMENT OR PROMOTION. OUR INTERPRETATION OF THIS PREFERENCE IS THAT THE SAME SET OF RULES AND REGULATIONS SHOULD BE APPLY TO THE VETERAN AS APPLIES TO THE NON VETERAN, BUT THAT SAID VETERAN SHOULD RECEIVE PREFERENTIAL TREATMENT, WITHIN THE EXISTING FRAMEWORK OF THE RULES AND REGULATIONS, AS LONG AS THESE ARE NOT REPUGNANT TO THE STATUTORY ENACTMENT DEALING WITH PREFERENCE. IT MUST BE BORNE IN MIND HOWEVER THAT A PERSON OF THIS PREFERENCE CATEGORY "SHALL NOT BE DENIED EMPLOYMENT AND PASSED OVER A VETERAN HAVING A FIVE PERCENT PREFERENCE OR A NON VETERAN, WITHOUT SHOWING CAUSE". (3) SECTION 730 REMAINS VALID AND APPLICABLE. YOU INDICATED IN DISCUSSIONS PRIOR TO THE DRAFTING OF THIS OPINION THAT IN THE FILLING OF CERTAIN VACANCIES IN LOCAL OFFICES OF A STATE AGENCY IT HAS BEEN DETERMINED TO BE THE BETTER POLICY TO CERTIFY ELIGIBLES WHO ARE RESIDENTS OF THE AREA WHEREIN THE VACANCY EXISTS. WE CONCURR IN YOUR REASONING THAT, IF POSSIBLE, ONE OF THE NAMES CERTIFIED TO THE APPOINTING AUTHORITY SHOULD BE THE VETERAN, OR SOMEONE OCCUPYING ONE OF THE ENUMERATED RELATIONSHIPS, CHOSE NAME HAS BEEN ELEVATED TO THE TOP OF THE SUB REGISTER BECAUSE OF THE SERVICE CONNECTED DISABILITY CLAUSE OF THIS BILL, AND WHO IS A RESIDENT OF THE PARTICULAR AREA. HERE AGAIN THIS IS THE EXTENT OF THE OBLIGATIONS THAT THE VETERAN'S PREFERENCE RIGHT IMPOSES, AND IF NO VETERAN EXISTS WHO FILLS THE DESIRED REQUIREMENT AS TO THE RESIDENCY, THEN THE NAMES SHOULD BE CERTIFIED FROM THE STATEWIDE REGISTER. IT WOULD NOT BE NECESSARY TO INCLUDE THE NAME OF A VETERAN WHO IS AT THE TOP OF THIS REGISTER IF HE HAS LIMITED THE LOCATION WITHIN WHICH HE WILL ACCEPT EMPLOYMENT AND THE LOCATION WHEREIN THE VACANCY EXISTS IS NOT ONE HE HAS INDICATED AS BEING ACCEPTABLE. (4) IF THE APPOINTING AUTHORITY DEEMS IT ADVISABLE TO SPECIFY ONE SEX OR THE OTHER IN FILLING THE PARTICULAR POSITION, THEN THE PREFERENCE REQUIREMENT ARE MET IF THE VETERAN OF THIS SEX IS AT THE TOP OF THE REGISTER RECEIVE PREFERRED CONSIDERATION. CITE: 74 O.S. 1961 817 [74-817] (CHARLES OWENS)